FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 23, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK VICKERY PETERSEN,<br><br>                Plaintiff,<br><br>      v.<br><br>SPOKANE COUNTY,<br>WASHINGTON, RAYMOND L.<br>MILLER, and TIMOTHY GROGAN,<br><br>                Defendants. | No.   2:16-CV-0110-SMJ<br><br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT** |

## I. INTRODUCTION

This case arises from an alleged assault by Plaintiff Jack Petersen. Petersen, who was working as a door-to-door meat salesman, became involved in an altercation with Defendant Timothy Grogan after Grogan refused to buy meat from Petersen and asked Petersen to leave his property. Petersen was arrested at the scene of the incident, but he was released without being booked, and was issued a criminal citation for fourth degree assault. The assault charge against Petersen was ultimately dismissed. Petersen brought this action against Spokane County and the Sheriff's deputy who arrested him, Raymond Miller, for false imprisonment and violation of

SUMMARY JUDGMENT ORDER - 1

1  his civil rights pursuant to 42 U.S.C. § 1983, and against Defendant Timothy
2  Grogan for assault and battery.

3        Defendants Spokane County and Miller (collectively "Defendants") filed this
4  motion for summary judgment, arguing that Petersen's Section 1983 claims against
5  Spokane County should be dismissed because Petersen has not alleged a basis for
6  municipal liability under Section 1983. Defendants also argue that Petersen's claims
7  against Spokane County and Miller must be dismissed because: (1) Plaintiff's
8  claims are barred by collateral estoppel; (2) Miller had probable cause to arrest
9  Petersen for fourth degree assault; and (3) Miller is entitled to qualified immunity.

10        As further discussed below, because Petersen fails to allege a basis for
11  liability against Spokane County under 42 U.S.C. § 1983 and the record clearly
12  establishes that Miller had probable cause to arrest Petersen, Petersen's false
13  imprisonment and Section 1983 claims must be dismissed. Accordingly,
14  Defendants' Motion for Summary Judgment is granted. Additionally, because
15  Petersen's federal claims are dismissed, the Court remands Petersen's assault and
16  battery claims to the Spokane County Superior Court.

17
18
19
20

SUMMARY JUDGMENT ORDER - 2

## II.    BACKGROUND

**A.    Facts**

On March 4, 2014, Spokane County Deputy Sheriff Raymond Miller was dispatched along with Airway Heights Officer Bachman to respond to an assault at Timothy Grogan's residence outside of the city of Airway Heights. ECF No. 12 at 2. Plaintiff Petersen and Grogan had been involved in an altercation after Petersen came to Grogan's door selling meat and Grogan declined to purchase from Petersen and told Petersen to leave his property. ECF No. 12 at 2–5, ECF No. 15 at 2–3. Miller ultimately issued Petersen a citation for fourth degree assault. ECF No. 12 at 13.

**1.    Miller's account of his investigation of the alleged assault.**

When he arrived at the scene, Miller observed medics attending to Petersen. ECF No. 12 at 2. Fire personnel told Miller that Peterson was agitated and did not appear to have any injuries or medical problems. ECF No. 12 at 2. Miller avers that Grogan gave him the following account of the alleged assault incident:

- Petersen came to Grogan's door attempting to sell meat for a company called American Pride Steaks and Seafood. When Grogan told Peterson he was not interested in buying anything, Petersen became agitated. After again telling Petersen he was not interested, Grogan asked Petersen to leave. As Grogan turned his back and was closing the door,

SUMMARY JUDGMENT ORDER - 3

he believed he heard Petersen say something. Grogan asked Petersen what he said, and Petersen began using obscenities directed at Grogan. Grogan asked Petersen to leave his property multiple times and Petersen refused. ECF No. 12 at 2–3.

- Grogan approached a pickup truck parked in front of his home and asked the person seated inside if he worked with Petersen. The person in the truck, Bruce Keller, identified himself as Petersen's supervisor. Grogan asked Keller to make Petersen leave his property. Keller apologized and asked Petersen to get into the truck and leave. During this exchange, Petersen continued to yell and call Grogan names and asked Grogan him to hit him in the face. ECF No. 12 at 3.

- After again asking Petersen to leave, Grogan turned his back to Petersen and talked to Keller, and at that point Petersen pushed Grogan into the passenger door of the truck, which was open. Grogan was pinned between the door and Petersen. Grogan put Petersen into a headlock. ECF No. 12 at 4.

- Grogan released Petersen and Petersen got into the pickup truck. Grogan walked to the driver's side of the pickup truck and asked Keller for his information. Grogan then informed Keller that he was calling the police

to report that he was assaulted by Petersen. Petersen then started yelling at Grogan again. ECF No. 12 at 4.

- Grogan told Miller that he had the wind knocked out of him, but that he did not want medical attention. ECF No. 12 at 4.

Officer Bachman informed Miller that several residents in the city of Airway Heights had complained about a belligerent door-to-door meat salesman who matched Petersen's description. ECF No. 12 at 5. Keller confirmed that Petersen had been attempting to sell door-to-door in Airway Heights. ECF No. 12 at 5. Miller states that Keller's account of the alleged assault was essentially the same as Grogan's, except that Keller was uncertain how hard Petersen pushed Grogan. ECF No. 12 at 4. Keller told Miller that he was recommending Petersen be terminated from his employment. ECF No. 12 at 4.

When Miller first attempted to talk to Petersen, Petersen yelled at Miller and refused to talk with him. ECF No. 12 at 5. Petersen yelled that he was only trying to push by Grogan to enter the pickup truck. ECF No. 12 at 5.

Miller avers that he believed probable cause existed to arrest Petersen for fourth degree assault based on Grogan's statement and reports by Airway Heights residents. ECF No. 12 at 5–6. Miller placed Petersen under arrest for fourth degree assault and advised him of his rights. ECF No. 12 at 6. Miller then told Petersen

1 he would write Petersen a citation and release him if he agreed to leave calmly.

2 ECF No. 12 at 6.

3      Petersen told Miller that Grogan punched him in the face and head and that

4 he hurt all over, but Petersen declined medical attention. ECF No. 12 at 6. Miller

5 took photographs of Petersen's face, neck, and head areas.

6      Miller issued Petersen a citation for fourth degree assault, and Petersen and

7 Keller drove off without incident. ECF No. 12 at 6, 13.

8      Miller's incident report and Grogan's victim statement are consistent with

9 the account of the incident in Miller's affidavit. ECF No. 12 at 16–20.

### 2.      Bruce Keller's account of his statements to Miller[1]

11      Keller told Miller that Grogan was yelling at Petersen to get into the truck

12 and leave the neighborhood, but that Grogan positioned himself between Petersen

13 and the truck and prevented Petersen from getting into the truck. ECF No. 15 at 3.

14 Keller did not tell Miller that Grogan had the wind knocked out of him or that

---

17 [1] Keller's description of the alleged assault incident is much more favorable to
Petersen than the description of the account given by Miller (which is purportedly
18 based on Miller's conversations with Grogan and Keller). ECF No. 15 at 2–3. But
for the purpose of determining whether Miller had probable cause to cite Petersen,
19 it is not relevant how Keller now recalls the incident; what is relevant is what Keller
says he told Miller at the scene of the incident. Under the summary judgment
20 standard, Keller's account of what he told Miller at that time must be accepted as
true. *See* Section III, *infra*.

SUMMARY JUDGMENT ORDER - 6

1    Grogan was ever pinned between the passenger side door and the interior of the

2    truck. ECF No. 15 at 3.

3        **3.    State court criminal proceedings.**

4        On March 17, 2014, Petersen entered a not guilty plea in Spokane County

5    District Court. ECF No. 13 at 8. The court entered an order finding that probable

6    cause existed, accepting the not guilty plea, and setting conditions of release. ECF

7    No. 13 at 8. On September 9, 2014, on the state's motion, the district court

8    dismissed the charge against Peterson without prejudice. ECF No. 13 at 9.

9    **B.    Procedural History**

10        Plaintiff filed this action in Spokane County Superior Court on March 14,

11    2016, alleging false imprisonment, violation of civil rights, and assault against

12    Defendants Spokane County, Raymond Miller, and Timothy Grogan. ECF No.

13    1-2. Defendants removed this case to this Court on April 6, 2016. ECF No. 1.

14        **III.    SUMMARY JUDGMENT STANDARD**

15        Summary judgment is appropriate if the "movant shows that there is no

16    genuine dispute as to any material fact and the movant is entitled to judgment as a

17    matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary

18    judgment, the opposing party must point to specific facts establishing that there is

19    a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If

20    the nonmoving party fails to make such a showing for any of the elements

SUMMARY JUDGMENT ORDER - 7

1   essential to its case for which it bears the burden of proof, the trial court should

2   grant the summary judgment motion. *Id.* at 322. "When the moving party has

3   carried its burden under Rule [56(a)], its opponent must do more than simply

4   show that there is some metaphysical doubt as to the material facts. . . . [T]he

5   nonmoving party must come forward with 'specific facts showing that there is a

6   genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

7   U.S. 574, 586–87 (1986) (internal citation omitted). When considering a motion

8   for summary judgment, the Court does not weigh the evidence or assess

9   credibility; instead, "the evidence of the non-movant is to be believed, and all

10  justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby,*

11  *Inc.*, 477 U.S. 242, 255 (1986).

12              **IV.      DISCUSSION**

13  **A.    Petersen has not alleged facts to support liability by Spokane County
    under Section 1983.**

14

15  To establish liability under 42 U.S.C. § 1983, a plaintiff must show (1)

16  deprivation of a right secured by the Constitution and laws of the United States and

17  (2) that the deprivation was committed by a person acting under color of state law.

18  *Chudacoff v. Univ. Med. Cntr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). A

19  local governmental unit or municipality may be sued under Section 1983. *Hervey*

20  *v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell v. Dep't of Soc. Servs.*, 436

    U.S. 658, 690 (1978)). However, "a municipality cannot be held liable under § 1983

SUMMARY JUDGMENT ORDER - 8

on a respondeat superior theory." *Monell*, 436 U.S. at 691 (1978). Instead, a municipality is responsible for its officials' unconstitutional conduct under Section 1983 only if the conduct was caused by a municipal policy, practice, or custom. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). A plaintiff may establish a municipal policy, practice, or custom in one of three ways: (1) "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) the plaintiff may show "that the individual who committed the constitutional tort was an official with final policy-making authority"; or (3) "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Hooper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)) (internal quotation marks omitted).

Defendants argue that Petersen has not alleged any policy or custom which gave rise to his alleged deprivations. ECF No. 10 at 4. Petersen's complaint alleges that Spokane County is liable for the acts or omissions of Defendant Miller under the doctrine of respondeat superior. ECF No. 1-2 at 3. But as discussed above, a municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Monell*, 436 U.S. at 691 (1978). The complaint includes no allegations

SUMMARY JUDGMENT ORDER - 9

whatsoever that Miller's conduct was caused by a municipal policy, practice, or custom. Accordingly, Plaintiff has failed to state a basis for municipal liability under Section 1983 and that claim must be dismissed against Spokane County.

**B.    Petersen's claims are not barred by collateral estoppel.**

Defendants argue that Petersen's claims must be dismissed because those claims fail if Miller had probable cause to cite Petersen, and the issue of probable cause was decided in Petersen's state court criminal proceedings. ECF No. 10 at 4–5.

Generally, federal courts look to state law to determine whether collateral estoppel applies to bar re-litigation of an issue raised in a prior state proceeding. *See Haupt v. Dillard*, 17 F.3d 285, 288 (9th Cir. 1994) (considering whether state court's probable cause determination barred re-litigation in federal Section 1983 action under Nevada law). In Washington, a party asserting collateral estoppel, must prove:

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

*Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 956 P.2d 312, 263 (Wash. 1998). However, a defendant is not barred from re-litigating the issue of probable cause if he did not have a full and fair opportunity to litigate the issue in the prior

proceeding. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing *Haupt*, 17 F.3d at 288).

While a probable cause determination made at a preliminary hearing can have a preclusive effect in a subsequent Section 1983 action, *see Haupt*, 17 F.3d at 288, the record here is insufficient for the Court to find that collateral estoppel applies. The state court's probable cause determination was made pursuant to Washington Criminal Rule for Courts of Limited Jurisdiction 3.2.1(e)(2). ECF No. 13 at 8. This Rule requires district courts to make a probable cause determination if the court denies release or attaches conditions to release following the defendant's preliminary appearance. Wash. Crim. Rule L.J. 3.2.1(e)(2). This probable cause determination may be made on the evidence presented by a police officer or prosecuting attorney in the same manner as provided for determining probable cause for the issuance of a warrant. Wash. Crim. Rule L.J. 3.2.1(b). The only evidence of what occurred at Petersen's preliminary hearing is the district court's order, which simply includes a checked box indicating that probable cause was found. On this record, Defendants have failed to prove either that the state court's probable cause determination has preclusive effect under Washington law or that Petersen received a full and fair opportunity to litigate the issue before the state court. Accordingly, the Court cannot conclude that re-litigation of the issue of probable cause is barred by collateral estoppel.

1

2

**C.   Petersen's claims against Miller must be dismissed because Miller had probable cause to arrest Petersen for fourth degree assault.**

3

4

Defendants argue that Petersen's claims fail because the evidence in the record is clear that Miller had probable cause to cite Petersen for fourth degree assault. ECF No. 6–12. Petersen argues that it is a question of fact whether a reasonable officer would have believed that Petersen committed an assault against Grogan. ECF No. 107 at 9.

5

6

7

The Fourth Amendment requires probable cause for a warrantless arrest. *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005). "The test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.' " *Id.* (quoting *United States v. Bernard*, 623 F.2d 551, 559 (1980)).

8

9

10

11

12

13

14

Washington courts recognize three definitions of assault (which is not statutorily defined): " '(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm." *Clark v. Baines*, 84 P.3d 245, 247 n.3 (Wash. 2004) (quoting *State v. Walden*, 841 P.2d 81, 83 (Wash. Ct. App. 1992)).

15

16

17

18

19

20

SUMMARY JUDGMENT ORDER - 12

Based on the evidence in the record viewed in the light most favorable to Petersen, there is no question that Miller had probable cause to arrest Petersen. Miller was told by Grogan that Petersen yelled obscenities at Grogan, that he refused to leave Grogan's property despite multiple requests, and that he ultimately pushed Grogan into the open door of a vehicle. ECF No. 12 at 2–4. Keller's account of the incident contradicted Grogan's account only to the extent that Keller stated Grogan positioned himself between Petersen and the vehicle, and that he was unsure how hard Petersen pushed Grogan. ECF No. 15 at 3; ECF No. 12 at 4. Even if Grogan had placed himself in harm's way, as Keller suggested, a prudent person could still easily conclude that Petersen pushing Grogan amounted to unlawful touching with criminal intent. Additionally, based on Petersen's aggressive behavior as described by Grogan, which was consistent with reports of other neighborhood residents of an aggressive sales person matching Petersen's description, a prudent person could have concluded that Petersen put Grogan in apprehension of harm, even if he did not intend to inflict harm.

Petersen's Section 1983 claim alleges a violation of Petersen's constitutional right to be free from arrest absent probable cause. ECF No. 1-2 at 9. Probable cause is also a complete defense to Petersen's claim of false imprisonment. *See Youker v. Douglas Cnty.*, 258 P.3d 60, 69 (Wash. Ct. App. 2011). Accordingly, because

probable cause existed to cite Petersen for fourth degree assault, Petersen's Section 1983 and false imprisonment claims fail as a matter of law.

**D.    Qualified Immunity**

Because the Court concludes that probable cause existed to arrest Petersen for fourth degree assault, it is not necessary to reach the issue of qualified immunity.

**E.    Petersen's assault claim**

This Court has supplemental subject matter jurisdiction over Petersen's state law claims pursuant to 28 U.S.C. § 1367. Because the Court now dismisses all of Petersen's federal claims, the Court declines to exercise supplemental jurisdiction over Petersen's remaining assault and battery claims. *See* 28 U.S.C. § 1367(c)(3). Those claims should be heard by a state court.

## V.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion for Summary Judgment, **ECF No. 10**, is **GRANTED.**

2.    Plaintiff's false imprisonment claim and civil rights claim under 42 U.S.C. § 1983 are **DISMISSED** with prejudice.

3.    The remaining claims in this matter are **REMANDED** to the Superior Court of Washington for Spokane County.

4.    All hearings and other deadlines are **STRICKEN**.

**5.**    The Clerk's Office is directed to enter judgment in accordance with this order and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of December 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

SUMMARY JUDGMENT ORDER - 15